IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

           Plaintiff,

v.

COMMONWEALTH OF PENNSYLVANIA,
OFFICE OF OPEN RECORDS

           Defendant.

CIVIL ACTION NO. _____

COMPLAINT
and
JURY TRIAL DEMAND

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Joseph Bednarik. As discussed more fully in the Statement of Claims below, in or about January 2009, Mr. Bednarik applied for a vacant Appeals Officer position advertised by Defendant. Defendant refused to hire Mr. Bednarik for the position because of his age.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. Venue is proper in the United States District Court for the Middle District of Pennsylvania as the employment practices alleged to be unlawful were committed within the jurisdiction of this Court.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.  At all relevant times Defendant, the Commonwealth of Pennsylvania ("the Commonwealth"), has continuously been a state government, and had at least 20 employees.

5.  At all relevant times Charging Party Joseph Bednarik has been over forty years old and entitled to the protections of the ADEA.

6.  At all relevant times Defendant has continuously been an employer within the meaning of Sections 11(b) of the ADEA, 29 U.S.C. § 630(b).

## CONDITIONS PRECEDENT

7.  All conditions precedent to the institution of this lawsuit have been fulfilled. Mr. Bednarik filed a Charge of Discrimination with the EEOC (Charge No.17F-2010-60958) alleging violation of the ADEA by the Commonwealth's Office of Open Records ("OOR"). Upon completion of the EEOC's investigation of Mr. Bednarik's allegations, the EEOC issued a Letter of Determination notifying the Commonwealth that there was reasonable cause to believe that it had violated the ADEA through unlawful employment actions, including its refusal to hire Mr. Bednarik. Subsequently, prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference, and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b). After these

efforts were unsuccessful, the EEOC so notified the parties and proceeded with the commencement of this lawsuit.

## STATEMENT OF CLAIMS

### Count 1 – Failure or Refusal to Hire Because of Age

8. In 2008, Joseph Bednarik learned through word-of-mouth that OOR was hiring attorneys. In response, Bednarik sent a letter to Leo Dunn, a hiring official with OOR, seeking employment with OOR.

9. The vacant position, Appeals Officer, was located at a facility of the Commonwealth in Harrisburg, Pennsylvania.

10. The Appeals Officer at OOR was required to review citizen challenges to government agency refusals to provide government records to the public pursuant to Pennsylvania's "open records" statute.

11. Bednarik was an attorney who graduated from George Washington University Law School with honors, and had been practicing law for about 30 years at the time of his application with OOR. For the majority of his legal career, about 17 years, he had worked for the Commonwealth of Pennsylvania, with the Pennsylvania Human Relations Commission ("PHRC").

12. In January 2009, Bednarik was invited to interview for the Appeals Officer position with OOR. He accepted the invitation and met with Terry Mutchler, the Executive Director of OOR.

13. Later that same month, Bednarik was invited back for a second interview for the Appeals Officer position, this time meeting with Mutchler and Barry Fox, OOR's Deputy Director.

14. During the second interview, Mutchler expressed some concern that Bednarik would not have a long tenure with OOR because he had already worked for the Commonwealth for 17 years and might be nearing retirement.

15. Bednarik was one of three finalists for the position of Appeals Officer with OOR.

16. The other two finalists were: (1) Audrey Buglione, a 40-year-old applicant with "significantly less professional experience" than Bednarik; and (2) Richard Jones, who is estimated to be between 40 and 50 years of age.

17. In OOR's interviews with Buglione, Mutchler did not express concern regarding Buglione's potential duration of service, as she had with respect to Bednarik's future tenure.

18. In keeping with her normal practice, Mutchler contacted references provided by the three finalists for the position. Mutchler spoke with Elisabeth Shuster, the former Chief Counsel of the PHRC.

19. Shuster provided a positive reference for Bednarik.

20. OOR ultimately selected Buglione for the position, who was 15 years younger and significantly less qualified for the position than Bednarik.

21. The effect of the practices complained of in paragraphs 8-20 above has been to deprive Bednarik of equal employment opportunities and otherwise adversely affect his status as an applicant for employment because of his age.

22. The unlawful employment practices complained of in paragraphs 8-20 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging

in discrimination against any individual by refusing to hire such individual because of his or her age.

  B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

  C. Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Mr. Bednarik, whose wages are being unlawfully withheld as a result of the acts complained of above.

  D. Order Defendant to make whole Mr. Bednarik, whose wages are being unlawfully withheld as a result of the acts complained of above, by restraining the continued withholding of amounts owing as back wages with prejudgment interest, in amounts to be determined at trial.

  E. Order Defendant to make whole all individuals adversely affected by the unlawful practices described above by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to rightful-place hiring or an award of front-pay for Mr. Bednarik.

  F. Grant such further relief as the Court deems necessary and proper in the public interest.

  G. Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                              Respectfully submitted,

                              JAMES L. LEE
                              Deputy General Counsel

                              GWENDOLYN REAMS
                              Associate General Counsel

                              <u>/s/Debra M. Lawrence</u>
                              DEBRA M. LAWRENCE
                              Regional Attorney

                              <u>/s/Kate Northrup</u>
                              KATE NORTHRUP
                              Supervisory Trial Attorney

                              */s/ Melanie M. Peterson*
                              MELANIE M. PETERSON
                              Senior Trial Attorney

                              EQUAL EMPLOYMENT
                              OPPORTUNITY COMMISSION
                              Philadelphia District Office
                              801 Market St., Suite 1300
                              Philadelphia, PA 19107
                              melanie.peterson@eeoc.gov
                              Phone: 215.440.2689
Date: September 23, 2015           Fax: 215.440.2848