IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | : CIVIL ACTION NO. 1:15-CV-1895 |
| | : |
| | : **(Chief Judge Conner)** |
| **Plaintiff** | : |
| | : |
| v. | : |
| | : |
| **COMMONWEALTH OF PENNSYLVANIA, OFFICE OF OPEN RECORDS,** | : |
| | : |
| **Defendant** | : |

# **ORDER**

AND NOW, this 12th day of July, 2017, upon consideration of the motion (Doc. 17) *in limine* by plaintiff, the Equal Employment Opportunity Commission ("EEOC"), asking the court to exclude at trial the testimony of Monique Ericson ("Ericson"), a forensic accountant and expert witness on the subject of backpay damages offered by the defendant, Commonwealth of Pennsylvania, Office of Open Records ("the Commonwealth"), based on Ericson's reliance on the "aggregate method" of calculating such damages in her report, and wherein the EEOC argues specifically that mitigation of backpay must be calculated periodically by quarter rather than in the aggregate, (see Doc. 18 at 3-5), and that Ericson's report and testimony based on an aggregate method are thus inadmissible under Federal

Rule of Civil Procedure 702,[1] (id. at 5-7), and further upon consideration of the Commonwealth's brief (Doc. 20) in opposition to the EEOC's motion, wherein the Commonwealth concedes that "it is true that [the] periodic mitigation method of computation for back pay may be the preferred manner of calculation," (id. at 3), but asserts, without citation to authority, that "the aggregate computation method may also be used," (id.), and further asserts, assuming *arguendo* that the periodic mitigation method applies, that mitigation should be calculated annually rather than quarterly, (id. at 3-4), and the court observing that limited decisional law exists on the question of proper calculation of mitigation in cases such as this, brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and in which the aggrieved individual—in this action, Joseph Bednarik ("Bednarik")—over time earned total mitigation income exceeding his total backpay damages, and further observing that the Third Circuit Court of Appeals has not addressed whether the aggregate mitigation method or the periodic mitigation

---

[1] Federal Rule of Evidence 702 governs the admissibility of expert testimony. FED. R. EVID. 702; see also Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 588-89 (1993); In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 741-43 (3d Cir. 1994). The Third Circuit describes Rule 702 as embodying a "trilogy of restrictions on expert testimony," to wit: qualification, reliability, and fit. Schneider ex rel. Estate of Schneider v. Fried, 320 F.3d 396, 404 (3d Cir. 2003) (citing In re Paoli, 35 F.3d at 741-43). The instant dispute concerns the third restriction only: the fitness of Ericson's testimony. (Doc. 18 at 5-7). This restriction "goes primarily to relevance," Daubert, 509 U.S. at 591, and tasks us to determine whether the Ericson's testimony will assist the factfinder in resolving matters of consequence.

method applies in such circumstances,[2] but that other courses to address the question routinely adopt the periodic mitigation method,[3] and that the practical implications of the aggregate mitigation method—to wit: incentivizing employers to delay a remedy as long as possible because "every day the employee put[s] in on the better paying job reduce[s] back pay liability," NLRB v. Seven-Up Bottling Co. of Miami, Inc., 344 U.S. 344, 347 (1953) (exploring issue in context of the National Labor Relations Act)—run directly counter to the "central statutory purposes of eradicating discrimination . . . and making persons whole for injuries suffered through past discrimination," Rodriguez v. Taylor, 569 F.2d 1231, 1238 (3d Cir. 1977) (quoting Albemarle Paper Co. v. Moody, 422 U.S. 405, 421 (1975)), and the court thus agreeing with the EEOC to the extent we hold that a periodic mitigation method

---

[2] The District Court for the District of Columbia explains the distinction between the two methods well:

> Under the periodic mitigation method, if a plaintiff's interim earnings in any year exceed the wages she lost due to the discrimination, that excess must not be deducted from any back pay for other years to which plaintiff is entitled to relief. On the other hand, the aggregate mitigation method compares the wages plaintiff lost with her interim earnings over the entire recovery period. If her lost earnings would have been less than her interim earnings, she does not receive a back pay award.

Barnett v. PA Consulting Group, Inc., 35 F. Supp. 3d 11, 23 (D.D.C. 2014) (citations omitted).

[3] See, e.g., Leftwich v. Harris-Stowe State Coll., 702 F.2d 686, 693 (8th Cir. 1983), abrogated on other grounds as stated in Hernandez v. Bridgestone Ams. Tire Operations, LLC, 831 F.3d 940, 949 (8th Cir. 2016); Barnett, 35 F. Supp. 3d at 24; see also Skalka v. Fernald Envtl. Restoration Mgmt., 178 F.3d 414, 426 (6th Cir. 1999).

rather than an aggregate mitigation method shall apply to any backpay damages calculation *sub judice*, but disagreeing with the EEOC to the extent it recommends quarterly computations, and concluding that the weight of authority in the ADEA context supports computation on a yearly basis, <u>see</u> *supra* note 3, it is hereby ORDERED that:

1. The EEOC's motion (Doc. 17) *in limine* is GRANTED in part and DENIED in part to the following extent:

    a. Ericson's testimony shall be inadmissible at trial to the extent same concerns and applies the aggregate mitigation method for calculating backpay damages.

    b. In the event Bednarik is entitled to backpay damages, such damages shall be calculated pursuant to the periodic mitigation method on a yearly basis.

2. To the extent additional evidentiary disputes remain, the parties shall be prepared to discuss them in full at the pretrial conference currently scheduled for **Wednesday, July 19, 2017**.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania